*McKean, Chief Justice.
Wood is a writer of great authority, and frequently cited with respect in Westminster Hall. In the case before us, the execution has regularly issued, upon a judgment regularly obtained ; and although we should certainly protect suitors, witnesses and jurors, from an arrest on mesne process, during their attendance upon the court, and for a reasonable time in coming and going, yet no case has been shown, which will justify our interference, to discharge a man taken in execution, on the ground of such a protection. It is, indeed, the privilege of the court that is infringed ; and it is discretionary, to grant it, on some occasions, and to refuse it, upon others, (a)
By the Court. — The prisoner must be remanded.

 The same point was determined in Hannum v. Askew, 1 Yeates 25, by Judges Suippen and Yeates, after argument. Judge Yeates said, “ I was of counsel in Starret’s case, and it was then pressed, that the authorities cited by "Wood, did not warrant his doctrine. This gave rise to the Chief Justice’s remark respecting the author. Upon my return from the circuit, I examined the point very fully, and found that 2 Trials per Pais, 382; 3 Salk. 46; Crompton’s Just. 162, 181, fully established the distinction, which is here contended against.” Notwithstanding which, it is said, in a note to 4 Dall. 388, “ It was admitted by the counsel, Mr. Ingersoll and Mr. Rawle, on both sides, that the authority of Starret’s case had been often doubted, both on the bench and at the bar, though never expressly overruled.” And in Ex parte Hurst, 1 W. C. C. 186, s. c. 4 Dall. 387, the circuit court of the United States expressly decided, that a suitor in that court was privileged from arrest on a ea. sa. ; and Hurst was discharged from custody, although the writ issued from the supreme court of the state. See the note to Morgan v. Eckert, ante, p. 295: and see Miles v. McCullough, 1 Binn. 77; Blight v. Fisher, Peters C. C. 41; Hayes v. Shields, 2 Yeates 222; Davis v. Cummins, 3 Id. 387; Smythe v. Banks, 4 Dall. 329; Commonwealth v. Hambright, 4 S. & R. 149.